<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOROCCANOIL, INC., | |
| *Plaintiff,* | Civil Action No. 14-5608 |
| v. | OPINION |
| JMG FREIGHT GROUP LLC and PERU TRANSPORT SERVICES LLC, | |
| *Defendants.* | |

ARLEO, UNITED STATES DISTRICT JUDGE

This matter comes before the Court on the motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) by Plaintiff Moroccanoil, Inc. against Defendant Peru Transport Services LLC.   Dkt. No. 18.   For the reasons stated below, the motion is **GRANTED**.

I.     BACKGROUND

Moroccanoil, Inc. ("Plaintiff") sues Peru Transport Services LLC [1] ("Defendant") for losing or stealing its cargo of hair and skin products.   Dkt. No. 1, Comp. ¶ 6.   On August 28, 2013, Plaintiff dropped off the products in good condition for transit from Kearny New Jersey to Pottsville, Pennsylvania.   Id. ¶¶ 5, 7.   As such, Plaintiff alleges that Defendant breached its duties as a common carries and was also negligent in handling Plaintiff's cargo.   Id. ¶ 8.   As the insurer of the cargo, Plaintiff alleges it suffered $165,578.47 in damages.   Id. ¶¶ 9, 11.

---

[1] Plaintiff also included JMG Freight Group LLC as a defendant in this case.   Those parties settled their disagreements.   Dkt. No. 23.

1

On June 12, 2015, Plaintiff filed the instant motion for default judgment.   Dkt. No. 18.52. The motion is unopposed.

## II.   STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."   Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.   See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).   Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.   See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.   Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III.   ANALYSIS

### A.  Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction

2

over Defendant.   Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332—Plaintiff is a New York corporation and Defendant is a Pennsylvania LLC.[2]   Subject matter is also present pursuant to 49 U.S.C. § 14706(d)(3), which confers jurisdiction upon federal district courts in a civil action brought against a motor carrier for delivery of goods.   The Court has personal jurisdiction over Defendant because this action arises out of a contract to ship goods into New Jersey.   Compl. ¶ 5.   Plaintiff provided the Court with proof of service of Defendant at Defendant's registered address at 142 Robin Lane Apartment R3, Hummelstown, PA 17036.   Aff. of Service, Dkt. No. 8; Affirmation in Support of Request for Default, Dkt. No. 10-1 ¶ 3.   Thus, the Court is satisfied that it has jurisdiction to enter default judgment.

## B.  Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."   Comdyne, 908 F.2d at 1149.   The Complaint pleads facts which, taken as true, establish Defendant's liability for breach of duties as a common carrier under the Carmack Amendment, 49 U.S.C. § 14706.

Under the statute, in order for a plaintiff to prove liability to recover the actual value of goods, the following three elements must be shown: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages."   Beta Spawn, Inc. v. FFE Transportation Services, Inc., 250 F.3d 218, 223 (3d Cir. 2001).   Plaintiff pleads that it delivered its cargo in good condition to Defendant.   Compl. ¶ 6.   The cargo was lost or stolen during transit.   Id. ¶ 7.   Damages are discussed below.

## C.  Appropriateness of Default Judgment

---

2 There is no indication that any of the members of Defendant reside in New Jersey.

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.   Doug Brady, 250 F.R.D. at 177.   The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense.   Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as he would have no other means of obtaining relief.   Finally, the Court finds the Defendant acted culpably as he has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service.   See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D.  Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.   See Comdyne, 908 F.2d at 1149.

Plaintiff has provided adequate proof of the damages at issue here.   It provides a sworn certification by Allan Weizmann, the Chief Financial Officer of Moroccanoil, Inc., that the beauty products in Defendant's care were worth $165,578.47.   Dkt. No. 20, Weizmann Aff ¶ 2.   Plaintiff also provides the sale and shipping order of all stolen or lost goods, including item numbers, descriptions, quantity, discounts, and discount prices.   Id. Ex. 1.   These discounted prices for all these products equal $165,578.47 in actual damages.   That is sufficient to prove that amount of damages in this case.

### IV.   CONCLUSION

4

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**.   An appropriate order accompanies this opinion.

Dated: October 30, 2015                              */s Madeline Cox Arleo*
                                                      **United States District Judge**